## LEHIGH VALLEY R. R. CO. VS. GRAY.

Where printed conditions to the effect that ten per cent. of the wages are to be forfeited if they do not continue all season, are sought to be made part of a contract of hiring boatmen, such conditions must be seen and assented to by both parties.

Error to Common Pleas of Northampton County. Nos. 126, 127 and 128 July Term, 1882.

The Lehigh Valley Railroad Company leased the Morris Canal, which extends from the Delaware at Easton to the Hudson at Jersey City. The agent of the company hired J. W. Gray, H. M. Gray and H. C. Snyder, and agreed to pay the rates paid by the company during the season. The company had regulations as follows:

"All boats must be taken by the season, unless by written permission from Jersey City office. One-tenth of the amount of freight earned is to be retained by the company until the close of the season as security for the steady running of the boat throughout the season, and for the purpose of securing the company against any advances or other debts contracted by the captains; and if not so run, or if declared to be abandoned by the company's superintendent, or any of its agents, or if the captains have changed boats during the boating season,

except by written permission from Jersey City office of the company to do so, the said one-tenth shall be forfeited." There was no evidence that plaintiffs below had seen these regulations, and they brought suit for the ten per cent. retained by the company; who refused to pay them because they did not continue the whole season. They had signed receipts in full for the 90 per cent. The Court submitted the question to the jury, whether the plaintiffs had agreed to forfeit ten per cent. if they did not boat the entire season. The following point of plaintiffs was affirmed by the Court: "To constitute an agreement or contract there must be the assent of two minds to the same thing; and where written or printed conditions are sought to be made a part of the contract, they must be seen and assented to by both parties."

There were verdicts for the plaintiffs. The company then took writs of error, complaining of the refusal of the Court to direct verdicts for defendants.

*E. J. Fox, Esq.*, for plaintiff in error, cited Bruce vs. Hunter, 3 Campbell, 467; Eaton vs. Bell, 5 B. & Ald., 24; Gwyn vs. Gobby, 4 Taunton, 346.

*A. B. Howell, Esq., contra.*

The Supreme Court affirmed the judgment of the Common Pleas on March 19, 1883, in the following opinion,

PER CURIAM:

These three cases were argued together. The facts in each are substantially the same. The contention in each was purely a question of fact. There was no error in the answers to the points, nor in the manner the cases were submitted to the jury.

Judgment affirmed in each case.